UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| Brian H. Anderson, | Case No. 06-40251 |
| | Chapter 7 |
| Debtor. | Hon. Phillip J. Shefferly |

_____/

Brian H. Anderson,

      Plaintiff,

vs.                                                         Adv. Proc. No. 08-5177

Law Offices of Frank J. Kokenakes, PLC and
Morris & Doherty, P.C.,

      Defendants.

_____/

### JUDGMENT (1) DETERMINING CERTAIN ACTIONS TO BE IN VIOLATION OF DISCHARGE INJUNCTION; (2) DETERMINING CERTAIN OTHER ACTIONS TO NOT VIOLATE DISCHARGE INJUNCTION; AND (3) DENYING OTHER RELIEF

On September 30, 2008, the Debtor filed this adversary proceeding seeking a determination that the Defendants have violated the discharge injunction of § 524(a)(2) of the Bankruptcy Code. On May 19, 2009, the Court entered a joint final pre-trial order. On May 20, 2009, the Court conducted a trial in this adversary proceeding. The Court received into evidence 11 joint exhibits, and heard testimony from the Debtor, Brian H. Anderson, and from Frank J. Kokenakes and E. Michael Morris, the principals of the Defendants. After reviewing the exhibits, the testimony of the witnesses, the joint final pre-trial order and the entire file in this proceeding, the Court rendered a bench opinion granting certain of the relief requested by the Debtor and denying other relief requested by the Debtor. The Court made its findings of fact and conclusions of law in detail on the

record in open court. Consistent with the Court's bench opinion, and for all of the reasons stated on the record on May 20, 2009, all of which are incorporated in this order, the Court hereby finds, and

IT IS HEREBY ORDERED that:

1. Prior to the date that the Debtor filed his Chapter 7 bankruptcy case on January 16, 2006, the Debtor was indebted to the Defendants for attorney fees in the amount of $153,320 ("Attorney Fees") for legal services rendered by them on behalf of the Debtor with respect to certain claims filed by the Debtor in the United States District Court for the Eastern District of Michigan, case no. 03-74653 and in the Oakland County Circuit Court for the State of Michigan, case no. 04-060504 (collectively referred to as the "Lawsuits").

2. Prior to the date that the Debtor filed his Chapter 7 bankruptcy case, the debt for the Attorney Fees was secured by an attorney charging lien under applicable Michigan law with respect to certain "enhanced retirement and benefits" ("Enhanced Benefits") obtained by the Defendants for the Debtor in the Lawsuits. See George v. Sandor M. Gelman, P.C., 201 Mich.App. 474, 506 N.W.2d 583 (1993).

3. The Defendants' attorney charging lien with respect to the Enhanced Benefits was not avoided in the Debtor's Chapter 7 bankruptcy case but passed through the Chapter 7 bankruptcy case unaffected, so that the Defendants continue to hold the charging lien in rem with respect to the Enhanced Benefits even though the personal liability of the Debtor for the Attorney Fees, and any other personal liability of the Debtor to the Defendants, was extinguished and discharged by entry of a discharge

order on May 16, 2006 in the Debtor's Chapter 7 bankruptcy case. See Talbert v. City Mortgage Services (In re Talbert), 344 F.3d 555 (6th Cir. 2003).

4. The actions of the Defendants in Oakland County Circuit Court, case no. 05-070276-CK ("Oakland County Lawsuit"), that occurred after the Debtor obtained his Chapter 7 discharge order on May 16, 2006, including the Defendants' request for the entry of a default judgment and for findings of contempt against the Debtor, violated the discharge injunction of § 524(a)(2) of the Bankruptcy Code to the extent that such actions went beyond the in rem enforcement of the Defendants' attorney charging lien upon the Enhanced Benefits by requesting a determination of personal liability against the Debtor and the granting of a lien upon the Debtor's residence.

5. The default judgment entered in the Oakland County Lawsuit on February 13, 2008, the contempt order entered in the Oakland County Lawsuit on March 19, 2008, and the contempt order entered in the Oakland County Lawsuit, September 3, 2008, are void under § 524(a)(1) of the Bankruptcy Code to the extent that they grant a lien on the Debtor's residence to secure the Attorney Fees and to the extent that they determine that the Debtor is personally responsible for interest on or any sums in excess of the exact amount of the Attorney Fees (consisting of $153,320), because the Debtor's personal liability to the Defendants was discharged on May 16, 2006 in the Debtor's bankruptcy case under § 727 of the Bankruptcy Code. See Hamilton v. Herr (In re Hamilton), 540 F.3d 367 (6th Cir. 2008).

6. Pursuant to § 524(a)(2) of the Bankruptcy Code, the Defendants are enjoined against the commencement or continuation of any action to act, collect or recover any debt

-3-

of the Debtor as a personal liability with respect to any debt discharged in the Debtor's Chapter 7 bankruptcy case by entry of the discharge order under § 727 of the Bankruptcy Code on May 16, 2006.

7. In the interest of clarity, it is further ordered that the Defendants may proceed to enforce their pre-bankruptcy attorney charging lien under applicable non-bankruptcy law, but only on an in rem basis with respect to the Enhanced Benefits that are subject to the attorney charging lien. However, consistent with §§ 524(a)(1) and (2) of the Bankruptcy Code, the Defendants may not take any action in the Oakland County Lawsuit or otherwise to enforce any debt that was discharged in the Debtor's bankruptcy case by entry of the discharge order under § 727 of the Bankruptcy Code on May 16, 2006, including but not limited to any promises or covenants contained in the February 25, 2005 agreement entered into by the Debtor with the Defendants (This agreement was marked and introduced into evidence as Ex. 5 in the trial on May 20, 2009.) In sum, the Defendants may proceed to enforce their attorney charging lien on the Enhanced Benefits on an in rem basis but only with respect to collection of the Attorney Fees (consisting of $153,320 and no more), and may not take any other action, either directly or indirectly, or seek in any manner to impose any personal liability upon the Debtor or encumber any property of the Debtor other than the Enhanced Benefits on account of any pre-petition debt owing by the Debtor.

8. The remaining relief requested in the Debtor's complaint, including actual damages and an award of attorney fees, is denied for the reasons set forth on the record in open court on May 20, 2009.

**Signed on May 22, 2009**

                                                    **/s/ Phillip J. Shefferly**
                                                    **Phillip J. Shefferly**
                                                    **United States Bankruptcy Judge**